1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Michael SEMBACH,                    )    No. CV-05-3617-PHX-SMM
                                         )
10              Plaintiff,               )    **MEMORANDUM   OF   DECISION   &**
                                         )    **ORDER**
11   v.                                  )
                                         )
12   E. CUTHBERTSON, et al.,             )
                                         )
13              Defendants.              )
     _____ )

14

15          Pending before the Court is a Motion for Summary Judgment filed by Defendants City

16   of Chandler, Eddie Cuthbertson, Scott Picquet, Greg Lair and Magistrate Judge R. Michael

17   Traynor ("Defendants") on July 5, 2006. (Dkt. 32).  Plaintiff, appearing pro se, filed a Response

18   on September 22, 2006. (Dkt. 39).  In turn, Defendants filed a Reply on October 9, 2006. (Dkt.

19   41).  After considering the arguments raised by the parties in their briefs, the Court issues the

20   following Memorandum of Decision and Order.[1]

21   //

22   //

23

24   _____

25          [1]The parties have had the opportunity to submit evidence and briefing, and the Court would not
     find oral argument helpful in resolving this matter.  Accordingly, the Court finds the pending motion
26   for summary judgment suitable for decision without oral argument. See LRCiv 56.2; Local Rules of
     Civil Procedure ("LRCiv") of the United States District Court for the District of Arizona 7.2(f); Lake
27   at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 728-29 (9th Cir. 1991)
     ("When a party has an adequate opportunity to provide the trial court with evidence and a memorandum
28   of law, there is no prejudice" when oral arguments are not held on motions for summary judgment.)

# I. BACKGROUND

**A. Factual Background**

The following facts are undisputed:

1. Plaintiff Michael Sembach filed his "Complaint for Civil Rights Damages" on November 10, 2005. (Dkt. 1).

2. The Defendants in this case are the City of Chandler, three police officers of the Chandler Police Department (Officer Eddie Cuthbertson, Sergeant Scott Picquet, and Sergeant Greg Lair), and Magistrate Judge R. Michael Traynor. (Dkt. 9).

3. This civil rights case arises out of an incident that took place on August 25, 2005.   (Dkt. 1, ¶ 8).

4. On that date, Officer Cuthbertson cited Plaintiff for violating a provision of the Chandler City Code – pertaining to parking motor vehicles on an unimproved surface. (Dkt. 33, Exhibit A).

5. The citation required Plaintiff to appear at the Chandler City Court on September 13, 2005. (Id.)

6. Because Plaintiff failed to appear, an arrest warrant was issued by the Chandler City Court. (Dkt. 33, Ex. B).

7. Plaintiff has sued the police officers for the issuance of the citation, and the Magistrate Judge who presides over the Chandler City Court for the issuance of the arrest warrant. (Dkt. 1).

8. Pursuant to the Chandler City Code, motor vehicles parked in a front yard must be parked on an improved driveway (defined as one made of cement, asphalt, or masonry). See Chandler City Code § 35-1802(10).

9. Before the day at issue (August 25, 2005), Plaintiff received a reminder notice from the Chandler Police Department concerning his failure to abide by this Ordinance. (Dkt. 33, Ex. D at 24:1-7, Ex. E).

10. Sometime after receiving the reminder notice, and before the day at issue, a sticker, reminding Plaintiff of the parking violation, was placed on a glass window of Plaintiff's vehicle. (Dkt. 33, Ex. D at 19:1-17, 26:15- 20, Ex. F).

11. On August 18, 2005, Plaintiff sent a letter to a Chief of the Chandler Police Department that stated that he had "refused for fraud" both the reminder notice and the violation sticker. (Dkt. 33, Ex. D at 29:10-17, Ex. G).

12. Plaintiff's letter further stated his dissatisfaction with the content of both the reminder notice and the violation sticker. (Dkt. 33, Ex. G).

13. On August 25, 2005, the Police Chief of the Chandler Police Department (Sherry Kiyler) sent a letter to Plaintiff addressing his concerns and enclosing copies of the City's Ordinances. (Dkt. 33, Ex. H).

14. On August 25, 2005, Officer Cuthbertson went to Plaintiff's home. (Dkt. 1, ¶ 9).

15. At the time of Officer Cuthbertson's visit, Plaintiff's vehicle/automobile (a Land Rover) was parked on an unimproved surface – as depicted in photographs attached to Plaintiff's deposition. Dkt. 33, Ex. J).

16. During his discussion with Plaintiff, Officer Cuthbertson was trying to establish Plaintiff's identity so that he could issue a parking citation. Initially, Plaintiff refused to identify himself to Officer Cuthbertson. (Dkt. 1, ¶¶ 12, 13).

17. After Officer Cuthbertson told Plaintiff that his failure to identify himself would lead to his arrest and transport to the Chandler Police Department, Plaintiff produced his driver's license. (Dkt. 1, ¶¶ 13-16).

18. Officer Cuthbertson was then able to fill out the parking citation – and asked Plaintiff to sign it. Plaintiff did so – but noted that he was doing so "under duress." (Dkt. 1, ¶ 18).

19. Two of Officer Cuthbertson's supervisors (Sergeant Scott Picquet and Sergeant Greg Lair) were present at the time of Plaintiff's citation. According to Plaintiff, Sergeant Picquet said, "What are you doing writing 'under duress'? What do you think the judge is going to say?" (Dkt. 33, Ex. D).

20. After Plaintiff failed to appear for the court date set forth in the citation, Magistrate R. Michael Traynor issued a warrant for his arrest. During his deposition, Plaintiff testified that the claims he has filed against Magistrate Traynor all stem from his issuance of the warrant for arrest. (Dkt. 33, Ex. D).

21. Plaintiff has sued the City of Chandler because he believes it has a policy and custom of condoning the criminal actions of its officers. (Dkt. 1, ¶¶ 23-25).

22. Plaintiff claims that the officers violated his civil rights under the Fourth and Fifth Amendment of the United States Constitution. (Dkt. 1).

23. Plaintiff concedes that he had parked his motor vehicle/automobile (a Land Rover) on an unimproved surface – violating section 35-1802(10) of the Chandler City Code. (Dkt. 33, Ex. D at 35:17 - 37:6, Ex. J, Ex. C).

24. A violation of that provision is a misdemeanor crime. See Chandler City Code § 35-2700. (Dkt. 33, Ex. K).

25. Plaintiff argues that Officer Cuthbertson's actions violated the Fifth Amendment because he was compelled to identify himself. (Dkt. 1, ¶30).

26. Plaintiff sued Officer Cuthbertson's two supervisors – Sergeant Scott Picquet and Sergeant Greg Lair. Plaintiff's claims against these two supervisors is based on their inactions – failing to prevent Officer Cuthbertson's actions, which Plaintiff alleges violated his civil rights. (Dkt. 1, ¶3 & ¶6).  The following facts are disputed by the parties:

27. In the Memorandum of Points and Authorities in support of their motion for summary judgment, Defendants stated that "Plaintiff maintains that the issuance of the [August 25th] citation, and the issuance of the arrest warrant [on September 23rd] violated his rights." (Dkt. 32, 2).  In his Response to Defendant's Motion for Summary Judgment, Plaintiff states that "[t]his allegation is completely false." (Dkt. 39, 1).

28.  Defendants allege that Plaintiff is a resident of the City of Chandler. (Dkt. 33, ¶1). Plaintiff claims that he is not now nor has he ever been a resident. (Dkt. 29, 1).  However, Plaintiff has also previously indicated that he is in fact a resident of the City of Chandler. (Dkt. 1, ¶ 2).

29. Defendants claim that Plaintiff owns a motor vehicle and that his vehicle was illegally parked on August 25, 2005. (Dkt. 33, ¶ 16).  Plaintiff alleges that he has "never conceded to parking or owning a motor vehicle" and denies including anything in his Complaint about motor vehicles. (Dkt. 39, 2). However, Plaintiff's Complaint states that he owns an automobile. (Dkt. 1, ¶ 10).

**B. Procedural Background**

Plaintiff initiated this civil rights action on November 11, 2005. (Dkt.1).  Defendants filed an Answer on January 16, 2006, denying all allegations of liability or wrongdoing.  In addition, Defendants alleged that Plaintiff's Complaint was "baseless, groundless, frivolous and without factual or legal basis" and requested that they be awarded attorney's fees and costs pursuant to 42 U.S.C. § 1988, A.R.S. § 12-349 and/or Rule 11 of Fed. R. Civ. P. (Dkt. 9, 1).

On April 12, 2006, the Court granted Defendants' Motion to Limit/Stay Discovery, finding that a stay of discovery was appropriate until the Court determined whether the Defendants were immune from suit, which would be resolved by Defendants' motion for summary judgment. (Dkt. 27).

Defendants moved for summary judgment on July 5, 2006.  Plaintiff filed a timely Response; however, he failed to comply with Local Rule 56.1, requiring a party opposing a motion for summary judgment to set forth separately from the memorandum of law the specific facts which establish a genuine issue of material fact precluding the summary judgment in favor of the moving party.  Prior to filing a reply, Defendants sent a letter from defense counsel to Plaintiff highlighting the "frivolous nature of [his] claims" and requesting that he voluntarily dismiss his claims with prejudice. (Dkt. 41, Ex. A).  After Plaintiff did not respond to the letter, Defendants filed a reply.

Jurisdiction is proper under 28 U.S.C. § 1331 because this case arises under 42 U.S.C. § 1983 et seq.  Venue is proper under 28 U.S.C. § 1391(b)(1) as all of the defendants reside in Arizona.

## II.  STANDARD OF REVIEW

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. See Celotex, 477 U.S. at 323-24. The party opposing summary judgment need not produce evidence "in a form that would be admissible at trial in order to avoid summary judgment." Id. at 324. However, the nonmovant "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

## III. DISCUSSION

**A. Claims Against Officer Cuthbertson, Sergeant Lair and Sergeant Picquet**

Defendants move for summary judgment on the claims against Officer Cuthbertson, Sergeant Lair and Sergeant Picquet, arguing that they are immune from suit under the doctrine of qualified immunity. "Qualified immunity" is an entitlement not to stand trial or face the other burdens of litigation; the central interest that underlies the doctrine of qualified immunity is that

officials can act without fear of harassing litigation only if they reasonably can anticipate when their conduct may give rise to liability for damages and only if unjustified lawsuits are quickly terminated. <u>See Hunter v. Bryant</u>, 502 U.S. 224, 227 (1991). Qualified immunity claims are analyzed under a two part test. First, the Court must consider whether the facts "taken in the light most favorable to the party asserting the injury show that the defendant's conduct violated a constitutional right." <u>Saucier v. Katz</u>, 533 U.S. 194 (2001) (holding that the initial inquiry is whether the officer's conduct is a constitutional violation). Second, the court must determine whether the right was clearly established at the time of the alleged violation. <u>Id</u>. at 201. To determine whether a right is clearly established, the relevant dispositive inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Id</u>. at 205.

The material facts underlying Plaintiff's claims are undisputed. On August 25, 2005, Officer Cuthbertson arrived at 6312 W. Ivanhoe St., Chandler, Arizona, where Plaintiff was living with his family. (Doc. No. 1 at ¶ 2). Officer Cutherbertson issued Plaintiff a citation for violating a provision of the Chandler City Code, which pertains to parking motor vehicles on an improved surface. (Doc. No. 33 at ¶ 4). Prior to receiving this citation, Plaintiff had received two warnings regarding this particular provision of the city code. (<u>Id</u>. at ¶¶ 10 & 11). While writing Plaintiff the citation, Officer Cuthbertson tried to establish Plaintiff's identity. (<u>Id</u>. at ¶ 17). After Plaintiff initially refused to identify himself, Officer Cuthbertson threatened to arrest Plaintiff and bring him down to the Chandler Police Department. (<u>Id</u>. at ¶ 18). At some point during this exchange, Sergeant Lair and Sergeant Picquet arrived at the scene and observed the exchange between Officer Cuthbertson and Plaintiff. (<u>Id</u>. at ¶ 20). Plaintiff eventually agreed

to identify himself to Officer Cuthbertson and signed the citation, noting that his signature was obtained "under duress." (Id. at ¶¶ 18 & 19). Upon seeing Plaintiff write "under duress" on the citation, Sergeant Picquet said, "What are you doing writing 'under duress'? What do you think the judge is going to say?" (Id. at ¶ 20). Based on these undisputed facts, Plaintiff claims that Officer Cuthbertson, Sergeant Lair and Sergeant Picquet violated his rights under the Fourth and Fifth Amendment of the Constitution of the United States.

The Fourth Amendment of the United States Constitution applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest. Terry v. Ohio, 392 U.S. 1, 16-19 (1968). Whenever a police officer accosts an individual and restrains his freedom to walk away, he has seized that person and the Fourth Amendment requires that seizure to be reasonable. Id. at 16. The reasonableness of such a seizure requires balancing the public interest and the individual's right to personal security free from arbitrary interference by officers of the law. Id. at 20-21. Under the Fourth Amendment, a seizure must be based on specific, objective facts while an arrest requires probable cause.

The Fifth Amendment of the United States Constitution provides individuals with a privilege against self-incrimination by providing, in pertinent part, that no person "shall be compelled in any criminal case to be a witness against himself." The fundamental purpose of the Fifth Amendment's privilege against self-incrimination is the preservation of an adversary system of criminal justice. Garner v. United States, 424 US 648 (1976). In order to invoke the protection of the Fifth Amendment's privilege, it is necessary to show that the compelled disclosure will, by itself, confront the claimant with substantial hazards of self-incrimination. California v. Byers, 402 U.S. 424, 429 (1971).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Considering the facts in the light most favorable to Plaintiff, there is no evidence that Officer Cuthbertson, Sergeant Lair or Sergeant Picquet violated Plaintiff's Fourth Amendment rights. Officer Cuthbertson had probable cause to seize and/or arrest Plaintiff since his vehicle was parked in clear violation of the Chandler City Code. Chandler City Code provides that motor vehicle may be parked in the front yard only when on an "improved driveway." § 35-1802(10). An "improved driveway" is defined as having a surface of masonry, concrete or asphalt. Id. at § 35-1802(5). A violation of section 35-1802(10) is a misdemeanor. Id. at § 35-2700. Here, Plaintiff does not dispute that his Land Rover was parked on an unimproved surface. In fact, Plaintiff emphatically denies ever maintaining that the issuance of a citation violated his rights, stating that this allegation was "completely false." (Dkt 39 at 1). Instead of challenging the legitimacy of the citation, Plaintiff quixotically argues that he "is not now nor has he ever been a resident of Chandler" and that "he has never conceded to parking or owning a motor vehicle" as defined by a Title 18 of the United States Code. Plaintiff's statements regarding his residence and vehicle ownership directly contradict the representations he made in his Complaint, which indicated that he was a resident of Chandler, Arizona (Doc. No 1 at ¶ 2) and that he does in fact own the vehicle in question (Id. at ¶ 10). Regardless, by conceding that the issuance of the citation was legitimate, Plaintiff's is essentially admitting that the police officers' actions were justified and reasonable.

The Court finds that none of the police officers violated Plaintiff's Fourth Amendment rights. Plaintiff's conspicuous violation of the Chandler City Code provided Officer Cutherbertson with probable cause to seize him. Furthermore, there is no evidence that either Sergeant Lair or Sergeant Picquet did anything to Plaintiff apart from comment on him writing

"under duress" on the citation.  Accordingly, the Court finds that Officer Cuthbertson, Sergeant Lair and Sergeant Picquet are entitled to the defense of qualified immunity on this claim because the facts, taken in the light most favorable to Plaintiff, fail to show any violation of his constitutional rights.

In addition, considering the facts in the light most favorable to Plaintiff, the Court finds there is no evidence that Officer Cuthbertson, Sergeant Lair or Sergeant Picquet violated Plaintiff's Fifth Amendment rights by compelling him to disclose his name.  Instead of taking Plaintiff into custody for a misdemeanor parking violation, Officer Cuthbertson wisely decided to utilize the cite and release procedure authorized by A.R.S. § 13-3903.   Plaintiff has no constitutional right to refuse to disclose his identity in order to avoid the possibility of legal involvement. See California v. Byers, 402 U.S. 424, 434 (1971).  Moreover, Plaintiff admitted that the issuance of the citation was proper. (Doc. No. 39 at 1).  This is not a situation where Plaintiff's compelled disclosure subjected him to self-incrimination; rather, Plaintiff incriminated himself by parking his car in the front yard on an unimproved surface.

Considering the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff had no constitutional rights violated by Officer Cuthbertson, Sergeant Lair or Sergeant Picquet. Accordingly, Officer Cuthbertson, Sergeant Lair and Sergeant Picquet are entitled the defense of qualified immunity and the Court will dismiss Plaintiff's claims against them.

**B. Claims Against the City of Chandler**

Defendants move for summary judgment on the claims against the City of Chandler ("Chandler"), arguing that Plaintiff cannot establish liability against under 42 U.S.C. § 1983 and, additionally, that Plaintiff cannot show a direct causal link between a municipal policy or

custom and the alleged constitutional deprivation.  Plaintiff responds by arguing that Defendant

Chandler admitted "by tacit procuration" that it: (1) has no authority over Plaintiff's private

property; (2) ratifies and condones the crimes and misconduct of its officers and has a policy

or custom to do so; (3) had no probable cause or subject matter jurisdiction to issue a warrant

for his arrest; and (4) maintains a policy of extortion called "cite and release." (Doc. No. 39 at

3-4).

      Defendants argue that Plaintiff cannot establish liability against Chandler under 42

U.S.C. § 1983 because he cannot establish that he was deprived of a constitutional right.  The

Court agrees.  In an action for damages brought under 42 U.S.C. § 1983, Plaintiff must first

establish that he suffered a constitutional injury at the hands of an individual police officer

before the Court will consider the constitutionality of the Chandler Police Department's policy

and procedures.  See Los Angeles v. Heller, 475 U.S. 796, 799 (1986).  Here, based on the

undisputed facts, the Court finds that Plaintiff has suffered no constitutional injuries and will

dismiss his claims against Chandler.  As previously stated, Plaintiff emphatically denied ever

maintaining that the issuance of the parking citation or the issuance of the arrest warrant for

failing to appear at the court date set forth in the citation violated his rights. (Doc. No. 39 at 1).

Therefore, Plaintiff expressly contradicts his claims that Chandler has no authority over his

private property and that Chandler acted without probable cause or subject matter jurisdiction

to issue a warrant for his arrest.  Since neither the police officers nor the magistrate judge

deprived Plaintiff of any constitutional rights by their actions, the Court finds it unnecessary to

address Plaintiff's claims regarding Arizona's cite and release policy or Chandler's alleged

custom/policy of condoning the misconduct of its police officers. The court will not consider

the constitutionality of a police department's policies and procedures unless Plaintiff first establishes a constitutional injury at the hands of an individual police officer. <u>Heller</u>, 475 at 799. Therefore, the Court will dismiss Plaintiff's claims against Chandler.

**C. Claims Against Magistrate Judge R. Michael Traynor**

Defendants move for summary judgment on the claims against Magistrate Judge R. Michael Traynor ("Judge Traynor"), arguing that he is entitled to judicial immunity. Plaintiff responds by arguing that Judge Traynor is not entitled to immunity because he acted outside his jurisdiction. (Doc. No. 39 at 4). The Court agrees with Defendants and will dismiss Plaintiff's claims against Judge Traynor.

Judges are generally immune from suit for actions taken in their judicial capacity. However, judicial immunity may be overcome in two sets of circumstances: (1) where a judge acts outside of his or her judicial capacity, and (2) where a judge takes actions in the complete absence of all jurisdiction. <u>Mireles v. Waco</u>, 502 U.S. 9, 10-11 (1991). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. <u>Id</u>.

Here, Plaintiff's claims against Judge Traynor arise from the issuance of an arrest warrant for his failure to appear for a court date. The arrest warrant was based on Plaintiff's violation of a Chandler City Ordinance, which is within Judge Traynor's jurisdiction under A.R.S. § 22-402. The Court finds that Judge Traynor is entitled to judicial immunity because he acted in a judicial capacity within his court's jurisdiction. Therefore, because Judge Traynor is entitled to judicial immunity, the Court will dismiss Plaintiff's claims against him.

**D. Defendants' Request for Attorney's Fees**

1
2
3
4
5
6
7
8
9
10
11

Defendants request that they be awarded "all of their costs and attorneys' fees for having to defend this frivolous lawsuit." (Dkt. 41 at 4).  Pursuant to 42 U.S.C. § 1988(b), in any action to enforce a provision of 42 U.S.C. § 1983 "the court, in its discretion, may allow the prevailing party...a reasonable attorney's fee as part of the costs."  A court may grant attorney's fees to a defendant under section 1988 only under the limited circumstances where the action is frivolous, unreasonable, or without foundation.  See Hughes v. Rowe, 449 U.S. 5, 14 (1980); Maag v. Wessler, 993 F.2d 718, 719 (1993).  Where the plaintiff appears pro se, his or her status as a pro se litigant must be considered when determining whether an award of attorney's fees is appropriate.  Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 620 (9th Cir. 1987).

12
13
14
15
16
17
18
19
20
21
22
23
24

The Court will deny Defendants' request for attorneys' fees.  "[P]ro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim."  Hughes, 449 U.S. at 15.  Here, the Court finds that the present action was not frivolous, unreasonable or without foundation on account of Plaintiff's pro se status and the circumstances giving rise to his Complaint.  Plaintiff is an individual without any legal training, who was placed in handcuffs and threatened to be taken into custody over a parking infraction that occurred on his property.  As the Court's decision to grant Defendants' motion for summary judgment indicates, Plaintiff's claims have no legal basis.  Yet, based on the facts, the Court does not believe that Plaintiff's Complaint was groundless or without foundation and therefore will not award Defendants attorneys' fees.

25
26
27
28

While Defendants are not entitled to an attorney fee award, the Court finds that Defendants, as the prevailing party, are entitled to costs pursuant to Rule 54(c) of the Fed. R.

- 13 -

Civ. P. and Local Rule 54.1(d).  Defendants are advised to file with the Clerk of Court and serve upon Plaintiff a bill of costs as required by LRCiv 54.1(a).

### IV.  CONCLUSION

Therefore, for the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 32) is **GRANTED** and this case shall be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants are entitled to all costs other than attorneys' fees.  The Clerk of Court shall send Defendants the proper form required for submitting a bill of costs under LRCiv 54.1(a).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED this 8th day of December, 2006.

Stephen M. McNamee
United States District Judge